67 F.3d 298
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Matthew J. WOO, Plaintiff-Appellant,
v.
BOARD OF EDUCATION FOR THE COUNTY OF PUTNAM, a statutory
West Virginia corporation; Sam P. Sentelle, Individually,
and as Superintendent of Schools for the County of Putnam;
Gayle Vest, Individually, and as a member of the Board of
Education of the County of Putnam; Powell Toth,
Individually, and as a member of the Board of Education of
the County of Putnam; Irene Ghiz, Individually, and as a
member of the Board of Education of the County of Putnam,
Defendants-Appellees.
 No. 94-2172.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 29, 1995.
Decided Sept. 27, 1995.
 
 James M. Cagle, Charleston, West Virginia, for Appellant.
 Bryan R. Cokeley, STEPTOE & JOHNSON, Charleston, West Virginia, for Appellees.
 Before RUSSELL, WILKINS, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 In this 42 U.S.C. Sec. 1983 (1988) action, Matthew Woo, a former West Virginia state high school teacher, sought to challenge his dismissal for "immorality, insubordination and intemperance." The district court granted summary judgment to the Defendants on all of his claims. On appeal, Woo's sole contention is that he was denied an impartial decisionmaker in his pre-termination hearing. Finding no support for the proposition that Woo was entitled to either an impartial decisionmaker or more extensive process than he received, we affirm.
 
 
 2
 It is undisputed that the Constitution recognizes Woo's property interest in continued state employment. Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985). Woo argues that due process requires an impartial decisionmaker in employment termination proceedings. He contends that his termination process denied him this impartial decisionmaker because the Defendant members of the Board of Education for the County of Putnam, West Virginia, decided prior to the hearing that they would terminate Woo. We reject this argument because the Due Process Clause does not mandate an impartial decisionmaker conduct the pretermination hearing. Crocker v. Fluvanna County Bd. of Pub. Welfare, 859 F.2d 14, 17 (4th Cir.1988) (citing Garraghty v. Jordan, 830 F.2d 1295 (4th Cir.1987)). Even assuming that the Board was not an impartial decisionmaker, as we must for the purposes of summary judgment, Woo received all the process he was due. See Loudermill, 470 U.S. at 547-48. Woo received notice, an opportunity to respond at the hearing and later availed himself of the post-termination administrative procedures. Id.; Holland v. Rimmer, 25 F.3d 1251, 1258 (4th Cir.1994); see W. Va.Code Ann. Sec. 18-29-6 (Michie 1988). Due process requires no more than this. See Crocker, 859 F.2d at 17.
 
 
 3
 In support of his contention that due process requires a neutral decisionmaker, Woo directs the court's attention to Concrete Pipe & Prods., Inc. v. Construction Laborers Pension Trust, 113 S.Ct. 2264 (1993). The case is distinguishable as it involved the due process rights involved in the determination of withdrawal liability under ERISA. Id. at 4612. The other cases Woo cites are similarly unavailing. See Schweiker v. McClure, 456 U.S. 188, 195 (1982) (explaining requirements for due process in the context of Medicare reimbursement); Marshall v. Jerrico, Inc., 446 U.S. 238, 243 (1980) (declining to require neutrality of regional administrator in prosecuting civil penalty assessments); Goldberg v. Kelly, 397 U.S. 254, 271 (1970) (delineating due process requirements in welfare benefits termination). Because Woo cites no authority that would undermine the sound reasoning of our decisions in Crocker and Holland, we conclude that the district court did not err in granting summary judgment.
 
 
 4
 Woo also contends that the district court erred in failing to recognize his procedural due process claim premised on a violation of West Virginia state law. This assignment of error is equally meritless. An examination of the briefs and joint appendix reveals no violation of state law, and Woo directs our attention to none. In his brief, Woo cites W. Va.Code Ann. Sec. 18-29-6 (Michie 1988) but is unclear regarding how the Defendants violated the statute. Further, Woo ignores the fact that the statute describes the state employees' grievance procedure applicable only after his initial termination by the Board. See W. Va.Code Ann. Secs. 18-29-1 to -9 (Michie 1988); W Va.Code Ann. Sec. 18A-2-8 (Michie 1988). Because Woo's civil rights action challenges only his termination by the Board and not his post-termination procedure, the statute is inapposite to the case before us. Consequently, even assuming that the West Virginia statute creates an interest in procedural due process, Woo has not shown that the statute has been violated. This argument must also fail.
 
 
 5
 Accordingly, we affirm the district court's grant of summary judgment in favor of the Defendants. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED